IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-106-TAV-JEM |
| CORY J. DAVIS, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned for report and recommendation on Defendant Cory Davis's Motion to Suppress and Request for Hearing [Doc. 32].[1] *See* 28 U.S.C. § 636(b). Defendant is charged in the First Superseding Indictment with conspiring to distribute fifty grams or more of methamphetamine, one kilogram or more of heroin, and four hundred grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count One) [Doc. 14 pp. 1–2]. These charges arise in part from the search of an apartment on Collier Drive in Atlanta, Georgia, pursuant to a search warrant. Defendant summarily argues the search warrant was "insufficient" in violation of the Fourth Amendment [Doc. 34 p. 2]. He contends that the allegations in the affidavit submitted in support of the search warrant fail to "establish probable cause that there is criminal evidence in" the apartment [*Id*. at 3].

After reviewing the affidavit submitted in support of the search warrant and the parties' filings, the undersigned finds that Defendant has seemed to abandon his motion to suppress evidence. Nevertheless, Defendant fails to demonstrate that he has a legitimate expectation of

---

[1]  The Court spells Defendant's name as it appears in the First Superseding Indictment [Doc. 14].

privacy in the apartment. Furthermore, even if Defendant Davis could properly challenge the search of the apartment, Defendant has failed to demonstrate the lack of probable cause for the search warrant's issuance. The undersigned therefore recommends that the District Judge deny Defendant's motion to suppress.

I.  BACKGROUND

Defendant Davis filed a three-page Motion to Suppress on July 28, 2023, asking the Court to suppress all evidence seized during the execution of a search warrant, which he characterizes as "insufficient" [Doc. 34]. Defendant's motion consists of a series of ten numbered sentences, only one of which alleges his reason for suppression: "That the allegations listed in the warrant affidavit, while alleging travel to and from other cities in other states, do not actually establish probable cause to believe that there is criminal evidence in the specific Atlanta, GA residence of Mr. Davis, 1185 Collier Road NW Apt. 2525" [*Id*. at 3]. Other than quoting the Fourth Amendment, Defendant provides no legal support for his motion [*Id*. at 2].[2] Defendant attaches a copy of the twenty-six-page affidavit of Special Agent Ashley Scott ("SA Scott") of the Drug Enforcement Administration ("DEA") to his motion [Doc. 34-1].

The Government responded in opposition, observing that Defendant fails to point to the reason he believes the affidavit does not establish probable cause [Doc. 35 p. 1]. Nevertheless, it asserts that the affidavit provides probable cause to search the apartment, which is the residence of LaTeasha Brown [*Id*. at 1–3]. Additionally, it maintains that even if the affidavit is deficient, the executing officers relied on the search warrant in good faith [*Id*. at 3–4].

---

[2]  Defendant also generally cites to the exclusionary rule [Doc. 34 p. 2], but he fails to mention or apply the limitation of that rule in subsequent caselaw. *See Herring v. United States*, 555 U.S. 135, 141 (2009) (holding the exclusionary rule is applied "only where it result[s] in appreciable deterrence" (cleaned up and citation omitted)).

The undersigned has already found that Defendant has the initial burden of demonstrating a defect in a search pursuant to a search warrant [Doc. 36 p. 1] and that Defendant failed to carry that burden because he did not inform the Court of the factual and legal grounds that he contends warrant suppression of the evidence [*Id*. at 2]. Even so, the undersigned gave Defendant the opportunity to correct the deficiencies in his motion, ordering him to file a reply brief providing basis for his allegation that the affidavit fails to provide probable cause, the specific case law supporting his arguments, and his response to the Government's good faith argument [*Id*.]. Defendant failed to file the reply brief by the deadline set by the undersigned.

On August 25, 2023, the undersigned ordered Defendant to show cause why the undersigned should not recommend the denial of his motion to suppress based upon his failure to pursue the motion by failing to submit a reply brief as ordered [Doc. 37 p. 2]. Defendant failed to file a response to this show cause order as well.

## II. ANALYSIS

Law enforcement searched the Atlanta, Georgia apartment of LaTeasha Brown pursuant to a search warrant, issued on December 21, 2021, by United States Magistrate Judge Justin S. Anand [Doc. 34-1 pp. 2, 27]. The supporting affidavit of SA Scott states that Defendant was using Brown's apartment as a "stash house" to conceal drugs and drug proceeds [*Id*. at 2, 13]. Law enforcement searched the apartment on December 21, 2021, and seized suspected controlled substances, firearms, two drug presses, and a cellular telephone [*Id*. at 36–39 (copy of inventory receipt attached to search warrant return)].

The undersigned recommends the District Judge deny Defendant's suppression motion because (1) Defendant seems to have abandoned his motion, (2) Defendant lacks standing to

challenge the search of the apartment, and (3) the affidavit establishes a nexus between the apartment and evidence of drug trafficking.

### A. Abandonment

"A person who claims to have been aggrieved of a constitutional violation bears the initial burden of production and persuasion to suppress evidence." *United States v. Stinespring*, 0:20-CR-19-DLB-EBA, 2021 WL 5203223, at *3 (E.D. Ky. July 9, 2021) (citing *United States v. Smith*, 783 F.2d 648, 650 (6th Cir. 1986)), *report and recommendation adopted as modified by* 2021 WL 3913574 (E.D. Ky. Sept. 1, 2021). "Once the defendant has made basis for his motion, the government then has the burden of demonstrating that there was not a constitutional violation." *Id*. (citations omitted). Additionally, the Local Rules of this Court require that a party filing a motion for relief must provide "the factual and legal grounds which justify the ruling sought[.]" E.D. Tenn. L.R. 7.1(b).

Defendant Davis alleges only that the affidavit in support of the search warrant for the apartment fails to provide probable cause that "criminal evidence" would be found there. Affidavits filed in support of search warrants are presumed valid. *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Accordingly, a defendant challenging the veracity of a statement in the affidavit must point to the specific allegation he or she claims is false. *Id*.; *see United States v. Green*, 572 F. App'x 438, 442 (6th Cir. 2014) ("[T]his court's well-settled framework for *Franks* hearings requires a defendant to 'point to *specific* false statements . . . .'" (citation omitted)). Similarly, a defendant alleging the insufficiency of probable cause should point to some deficiency in the supporting affidavit.

4

Defendant Davis seems to have abandoned his Motion to Suppress and Request for Hearing. Despite the undersigned's repeated direction for him to state the factual and legal grounds for the asserted Fourth Amendment violation [*see* Docs. 36 & 37], Defendant has failed to do so. For this reason, and because he bears the burden of production and persuasion to suppress evidence, the undersigned recommends that the District Judge deny Defendant's motion. *Accord See Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment).

B.     **Standing**

To successfully bring a Fourth Amendment claim, the claimant must have a legitimate expectation of privacy in the place searched or the thing seized. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978) ("[The] capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."). "[S]tanding is 'an element' of a Fourth Amendment suppression claim" and a "defendant bears the 'burden' of showing he [or she] has standing." *United States v. Russell*, 26 F.4th 371, 375 (6th Cir. 2022). The term "standing" has become "shorthand" for the requirement that a defendant must show that a search or seizure infringed upon his or her own rights. *Id.* at 374. Accordingly, Defendant Davis must show that the search of the apartment infringed upon his personal rights or legitimate expectation of privacy in the apartment. *Id.* at 375; *United States v. Talley*, 275 F.3d 560, 563 (6th Cir. 2001) (holding a defendant challenging a search has the burden of demonstrating his or her legitimate expectation of privacy in the location). Defendant must make this showing by a preponderance of the evidence. *Smith*, 783 F.2d at 650.

In assessing the reasonableness of a defendant's expectation of privacy, the Court examines certain factors:

> "the person's proprietary or possessory interest in the place to be searched or item to be seized[;] whether the defendant has the right to exclude others from the place in question; whether he had taken normal precautions to maintain his privacy; whether he has exhibited a subjective expectation that the area would remain free from governmental intrusion; and whether he was legitimately on the premises."

*United States v. Waller*, 426 F.3d 838, 844 (6th Cir. 2005) (quoting *United States v. King*, 227 F.3d 732, 744 (6th Cir. 2000)). An overnight social guest "has a reasonable expectation of privacy in the place where he sleeps at night." *United States v. Allen*, 720 F. App'x 254, 257 (6th Cir. 2018) (citing *Minnesota v. Oleson*, 495 U.S. 91, 96–97 (1990)). In contrast, an individual in another's apartment for a short time to engage in drug trafficking has no legitimate expectation of privacy in the apartment. *Minnesota v. Carter*, 525 U.S. 83, 90–91 (1998).

Here, Defendant characterizes the apartment in question as his "residence" and his "home" [Doc. 34 pp. 2–3]. SA Scott, however, states the apartment is the residence of LaTeasha Brown, as reflected on Brown's driver's license, which was updated before execution of the search warrant [Doc. 34-1 p. 2 & n.1]. She further states that Defendant uses the apartment as his "stash house" and pays Brown to use her residence in this fashion [*Id*. at 14].[3] According to her, Defendant comes to the residence to pick up drugs and "to mix narcotics with a cutting substance" [*Id*.]. SA Scott further states that Defendant's "known residence" is an apartment in Sandy Springs, Georgia [*Id.* at 21].

---

[3] SA Scott states that Defendant Davis "pays money toward LaTeasha BROWN's rent and/or other monetary benefits to utilize her (LaTeasha BROWN['s]) residence" [Doc. 34-1 p. 14].

6

Upon review of SA Scott's affidavit, the only evidence before the Court is that the apartment was not Defendant's residence.[4] Accordingly, Defendant has failed to demonstrate that he has a legitimate expectation of privacy in the apartment.

**C. Nexus**

"To justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc). In other words, probable cause requires a "'nexus between the place to be searched and the evidence sought.'" *Id.* (quoting *United States v. Van Shutters*, 163 F.3d 331, 336–37 (6th Cir. 1998)). "The connection between the residence and the evidence of criminal activity must be specific and concrete, not 'vague' or 'generalized.'" *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016) (quoting *Carpenter*, 360 F.3d at 595). Assessing whether an affidavit establishes a nexus turns upon the facts of a particular case and requires examination of the totality of the circumstances. *Id.* The Court must determine "'whether the [issuing judge] had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" *United States v. Merriweather*, 728 F. App'x 498, 504 (6th Cir. 2018) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)).

To the extent that Defendant argues SA Scott's affidavit fails to establish a nexus between the apartment and evidence of drug trafficking, the affidavit shows otherwise. SA Scott states that a confidential informant reported that Defendant Davis used LaTeasha Brown's

---

[4] This is further supported by information provided by Defendant in another case in Eastern District of Tennessee. In case number 3:22-CR-11, Defendant was interviewed by a United States Probation Officer with defense counsel present and stated that he lived at a different residence in Shady Springs, Georgia, for two and one-half years prior to his arrest. This information is contained in an Amended Pretrial Report, which was considered by United States Magistrate Judge Debra C. Poplin in her Order of Detention Pending Trial [Case No. 3:22-CR-11, Doc. 108 p. 3].

7

apartment as a stash house for his drug trafficking organization [Doc. 34-1 p. 14]. The informant reported that Defendant comes to Brown's apartment "to pick up narcotics for distribution and to mix narcotics with a cutting substance" [*Id*.]. Geographic location information from Defendant's cellular telephone placed him in the vicinity of Brown's apartment following a trip to Phoenix, Arizona, where Defendant is believed to have obtained methamphetamine and fentanyl [*Id*. at 11, 15, 16–17]. During the time of Defendant's location in the vicinity of Brown's apartment, Defendant sent a confidential informant a video recording of a gloved hand manipulating suspected fentanyl wrapped in plastic [*Id*. at 16]. Also, during the time that Defendant was in the vicinity of Brown's apartment, the confidential informant recorded a conversation with Defendant, in which Defendant discussed the potency and lethal nature of a controlled substance [*Id*. at 17]. Based on geo-location information from Defendant's cellphone, Defendant also traveled from the vicinity of Brown's apartment to Knoxville, Tennessee, and then Kingsport, Tennessee, for suspected drug transactions, before returning to the vicinity of Brown's apartment [*Id*. at 17–19]. Finally, based on geo-location information from Defendant's cellphone, Defendant traveled to Brown's apartment after going to the airport, where he is believed to have met a suspected courier [*Id*. at 21].

The undersigned finds this information provides a nexus between Brown's apartment and drug trafficking.

## III. CONCLUSION

It appears that Defendant Davis has abandoned his motion to suppress evidence. Even so, Defendant has failed to demonstrate standing to challenge the search of the apartment and the affidavit supporting the search warrant shows a nexus between the apartment and drug

trafficking. Accordingly, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** Defendant's Motion to Suppress and Request for Hearing [**Doc. 34**].[5]

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide *de novo* review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).