UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CR-106-TAV-JEM-1 |
| CORY J. DAVIS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on September 6, 2023 [Doc. 38], recommending that the Court deny defendant's motion to suppress [Doc. 34]. There have been no timely objections filed to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).

As background, defendant, through counsel, filed a three-page "Motion to Suppress and Request for Hearing" on July 28, 2023, which largely consisted of boilerplate language [Doc. 34]. On August 7, 2023, the government timely responded in opposition [Doc. 35]. On August 10, 2023, Judge McCook entered an order finding that defendant's motion did not inform the factual or legal grounds justifying the request for suppression of the evidence, and therefore, ordered defendant to file a reply brief on or before August 17, 2023 [Doc. 36]. Defendant did not file a reply brief within this time frame, and, on August 25, 2023, Judge McCook entered a show cause order requiring defendant to show cause on or before September 1, 2023, as to why his suppression motion should not be denied based

on failure to submit the required reply brief [Doc. 37]. Defendant did not reply to the show cause order.

On September 6, 2023, Judge McCook entered the R&R, finding that defendant has abandoned his motion to suppress, but, nonetheless, defendant has not demonstrated that suppression is warranted [Doc. 38]. Judge McCook noted that any objections to the R&R were required to be filed within 14 days after service of the R&R [*Id.* at 9 n.5]. Per the Court's rules, "[t]he Notice of Electronic Filing generated through the Electronic Filing System shall, upon transmission by the Court, constitute service of the filed document upon E-Filers participating in a pending action." E.D. Tenn. E.C.F. Rules and Procedures 9. Defense counsel is an E-Filer participating in this pending action; therefore, the R&R was served upon him on September 6, 2023, the date the R&R was filed, at approximately 1:41 p.m. Eastern Standard Time [Doc. 38].

Defendant has filed no objections to the R&R. Rather, on September 18, 2023, he filed two documents labeled as reply briefs to the motion to suppress [Docs. 39, 40]. In these filings defendant fails to acknowledge that the reply briefs are untimely by more than a month, that Judge McCook subsequently entered a show cause order, or that an R&R was pending. Defendant, instead, entirely ignores his own delay in filing and the Court's actions taken in light of that belated filing. Indeed, defendant does not even appear to dispute Judge McCook's recommendation that the Court find he has abandoned his motion to suppress and accordingly deny the motion. After reviewing the docket and Judge McCook's R&R [Doc. 38], and in light of the lack of opposition, the Court is in complete

2

agreement that defendant has abandoned his motion to suppress, and the motion to suppress is therefore **DENIED** on that ground.

However, in the alternative, Judge McCook recommends that the Court find that defendant lacks standing to raise a Fourth Amendment claim regarding the apartment search, because the evidence before the Court indicates that the apartment was not defendant's residence, and he therefore had no legitimate expectation of privacy in the apartment [Doc. 38, pp. 5–7]. Defendant does not address the issue of standing in his subsequent filings [Docs. 39, 40]. Accordingly, after a review of the record, and given the lack of any objection, the Court is in complete agreement that defendant lacks standing to raise a Fourth Amendment challenge to the apartment search at issue. Therefore, his motion to suppress is **DENIED** on this alternate ground.

Finally, and in the alternative, Judge McCook recommends that the Court deny defendant's motion to suppress because the search warrant affidavit established a nexus between the apartment and evidence of drug trafficking [Doc. 38, p. 7]. Judge McCook cites several pieces of evidence in support of this conclusion, including information from a confidential informant and geo-location information from defendant's cellular telephone [*Id.* at 7–8].

In his first untimely "reply," defendant appears to argue, as relevant to the R&R's analysis, that the allegations about the location of his phone do not provide any observation of drug transactions at those locations [Doc. 39, pp. 2–3]. But defendant himself goes on to admit that courts can infer "a fair probability of finding evidence in a residence even

3

though the affidavit did not state that such evidence had been observed directly" when there is "some reliable evidence connecting the known drug dealer's ongoing criminal activity to the residence . . . such as an informant who observed drug deals or drug paraphernalia in or around the residence" [*Id.* at 3 (quoting *United States v. Brown*, 828 F.3d 375, 383 (6th Cir. 2016))]. And this precise type of evidence is present in the search warrant affidavit here. A confidential informant provided information that defendant used the apartment, which was the residence of LaTeasha Brown, as a stash house for drugs, and would travel to the residence to pick up narcotics for distribution and mix narcotics with a cutting substance [Doc. 34-1, p. 14]. This information from the confidential informant, combined with the geo-location information described in the R&R, creates a sufficient nexus between defendant drug-trafficking activities and the apartment. Accordingly, to the extent that defendant's first untimely reply brief [Doc. 39] could be construed as an objection to the R&R, it is **OVERRULED**.

Additionally, in his second untimely "reply," defendant raises cursory arguments that the confidential informant was unreliable and uncorroborated [Doc. 40, pp. 2–3]. But defendant did not raise any argument regarding the reliability of the information provided by the confidential informant in his motion [*See* Doc. 34]. It is well-established that "arguments made to [the court] for the first time in a reply brief are waived." *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising [an] issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide

4

the moving party with a new opportunity to present yet another issue for the court's consideration"). Because defendant raised this issue for the first time in his second untimely reply brief, and, for that matter, in such a cursory manner that the Court could not truly address it, to the extent that this could be viewed as an objection to the R&R, it is **OVERRULED** and the Court will **ADOPT** the R&R on the alternative ground that the search warrant affidavit adequately establishes a nexus.

Thus, after carefully reviewing the matter, the Court is in complete agreement with Judge McCook's recommendation and reasoning, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 60]. Defendant's Motion to Suppress [Doc. 34] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE