IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-106-TAV-JEM |
| | ) | |
| CORY J. DAVIS,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Corey Davis's Motion to Dismiss Indictment for Prosecutorial Harassment [Doc. 50, SEALED[2]]. *See* 28 U.S.C. § 636(b). Defendant is charged in the First Superseding Indictment along with Codefendant Shelby Glover and others named and unnamed with conspiring to distribute fifty grams or more of methamphetamine, one kilogram or more of heroin, and four hundred grams or more of fentanyl, from November 1, 2020, through February 16, 2022, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) [Doc. 14 pp. 1–2]. Defendant moves the Court to dismiss the First Superseding Indictment because the Court dismissed the Indictment in case number 3:22-CR-11 in "bad faith" without permitting him to challenge the prosecutor's reasons for "restarting the same prosecution" [Doc. 50 p. 3].[3] He argues that the Government "gained a tactical advantage"

---

[1] The Court spells Defendant's name as it appears in the First Superseding Indictment [Doc. 14].

[2] This motion was sealed at the direction of Chambers because it includes the names of informants.

[3] Prior to his inclusion in the First Superseding Indictment, Defendant was charged in case number 3:22-CR-11, along with eleven codefendants and named and unnamed others with conspiring to possess with intent to distribute fifty grams or more of methamphetamine, one kilogram or more of heroin, and four hundred grams or more of fentanyl, from November 1,

by bringing a superseding indictment without obtaining leave to dismiss his prior criminal case without prejudice [*Id*.]. Defendant asserts that dismissal of the Indictment in case number 3:22-CR-11 bars prosecution in this case, which charges the same offense [*Id*. at 1].

A motion to dismiss the charging instrument for "a defect in instituting the prosecution" must be raised before trial. Fed. R. Crim. P. 12(b)(3)(A). Under Federal Rule of Criminal Procedure 12, the Court may set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)–(2). If a party fails to file a pretrial motion within the deadline set by the Court, the Court has discretion to decline to consider the motion, unless the party can show "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)).

Defendant's deadline for filing pretrial motions expired on July 28, 2023 [Doc. 33 p. 3].[4] According to Defendant, the issue he seeks to raise existed at least from the time of his June 7,

---

2020, through February 16, 2022, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) [No. 3:22-CR-11, Doc. 3 pp. 1–2]. Following Defendant's June 7, 2023 initial appearance and arraignment in case number 3:22-CR-106, the Government moved to dismiss "without prejudice" the Indictment in case number 3:22-CR-11, averring that defense counsel represents that Defendant Davis "has no objection to this motion" [No. 3:22-CR-11, Doc. 295 p. 1]. On August 2, 2023, without further filing by either party, the District Judge granted the motion to dismiss, citing Federal Rule of Criminal Procedure 48(a) [No. 3:22-CR-11, Doc. 316 p. 1].

[4]     Defendant did not request an extension of the pretrial motion deadline in subsequent motions to continue the trial, although he referenced the continuing need to discuss "possible pretrial motionable issues" with counsel as a tertiary basis for the continuance, along with continuing plea negotiations and defense counsel's heavy case load [Docs. 47 p. 1; Doc. 48 p. 1; *see also* Doc. 41, Joint Motion to Continue Trial]. Instead, Defendant asked the Court to extend only the plea deadline, the pretrial conference date, and the trial date [Doc. 47 pp. 1–2; Doc. 48 pp. 1–2; *see also* Doc. 44, Defendant Davis's Response to the Joint Motion to Continue Filed by

2

Case 3:22-cr-00106-TAV-JEM   Document 52   Filed 03/05/24   Page 2 of 3   PageID #: 248

2023[5] initial appearance and arraignment on the First Superseding Indictment [*See* Doc. 50 pp. 3–5, 10]. Defendant provides no explanation, much less good cause, for failing to file the motion by the deadline set by this Court. *See United States v. Hatfield*, No. 6:22-CR-07-CHB-HAI-2 & -9, 2023 WL 3922627, at *5 (E.D. Ky. Feb. 8, 2023) (denying a motion to dismiss the indictment filed six months after the pretrial motion deadline when the basis for the motion existed from the time of the superseding indictment and defendant articulated no good cause for the delay), *recommended disposition adopted by* 2023 WL 3244565 (E.D. Ky. May 4, 2023). Nor does Defendant seek leave to file his motion to dismiss out of time.

Accordingly, Defendant's motion [**Doc. 50**] is **DENIED**, because it is untimely, without prejudice so that he may seek leave to file a motion out of time.[6] Such motion for leave must explain the reason for delay and address prejudice to the Court and the Government from the delayed filing. Defendant must also attach to any motion for leave a copy of the proposed motion Defendant seeks to file.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

the Government and Defendant Cory Davis (agreeing to continuance of trial date and all dates and deadlines "associated with said trial")].

[5]  Defendant incorrectly states the initial appearance and arraignment in case number 3:22-CR-106 occurred on June 9, 2023 [Doc. 50 p. 9].

[6]  The audio recording of Defendant's June 7, 2023 initial appearance and arraignment is available by contacting the Clerk's Office. The Court encourages defense counsel to review this recording prior to any subsequent filing on the issues raised in his motion to avoid any misrepresentation of fact.