UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-106-TAV-JEM |
| | ) | |
| CORY DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

This case is before the undersigned on Defendant Cory Davis's Motion for Psychiatric Examination for Competency to Stand Trial and Criminal Responsibility [Doc. 65], filed on May 6, 2024, and referred [Doc. 66] on the following day. *See* 28 U.S.C. § 636(b). The parties appeared before the undersigned on May 10, 2024, for a motion hearing. Assistant United States Attorneys Kevin Quencer and Caroline S. Poore appeared on behalf of the Government. Attorney Mohammed Nasser represented Defendant Davis, who was also present.

Defendant asks the Court to order an evaluation of his competency to stand trial and for a competency hearing [Doc. 65 p. 1]. Defendant's motion, which was filed one week before trial, cites three sources that raise the issue of his competence. First, Defendant has a family history of mental health issues, including two uncles with schizophrenia [*Id.* at 3]. Second, following an in-take assessment by a substance abuse treatment facility, the case worker opined that Defendant has an untreated "mental health disparity" [*Id.*; Doc. 65-1 p. 1]. Third, counsel recently learned that Defendant is experiencing "blackouts" in consciousness and memory and exhibited "erratic behavior" in filing a pro se civil complaint without telling counsel [Doc. 65 p. 4]. For these

reasons, Defendant contends a mental evaluation is needed to determine Defendant's competency to proceed. Defendant also requests a determination of Defendant's criminal responsibility and how his "mental health disparity" affected him at the time of the alleged offense [*Id*.].

The Government responds in objection to Defendant's motion, which it views as a delay tactic, arguing that Defendant fails to meet the reasonable cause threshold [Doc. 67 pp. 3–5]. It points out that Defendant does not allege a mental disease or defect as required by the statute, only a "mental disparity," which is different than a mental illness and which was determined by a case manager, rather than a trained mental health evaluator [*Id*. at 3–4]. The Government argues that the pro se civil complaint filed by Defendant shows that he is "knowledgeable about the facts of the case and ha[s] a clear understanding of the criminal charges" [*Id*. at 4]. Although the Government opposes a competency hearing, it asks that if the Court orders mental health evaluation, the evaluation should occur at a Bureau of Prisons ("BOP") facility because Defendant is in custody.

At the motion hearing, Mr. Nassar argued that he has recently observed a "substantial degradation" in Defendant's mental health. He stated that when he met with Defendant prior to the motion hearing, Defendant said he did not understand what occurred or remember what was discussed at the pretrial conference four days earlier. Mr. Nassar stated that he explained what transpired at the pretrial conference to Defendant, who continued to assert that he did not understand. As for Defendant's civil complaint, Mr. Nassar said that a "jail house lawyer" drafted it for Defendant.

AUSA Poore argued that Defendant has not provided sufficient information to show reasonable cause for a competency determination. She stated that the jail where Defendant is

2

housed reports it has heard nothing about Defendant's purported blackouts. AUSA Poore asserted that Defendant still collaborated on the civil complaint, even if it was drafted by a fellow inmate.

In response, Mr. Nassar explained that Defendant did not advise the jail of his blackouts because he was embarrassed to disclose potential mental illness and that Defendant merely provided his discovery to a fellow inmate and then signed the civil complaint.

AUSA Poore and Mr. Nassar both urged the Court to question Defendant about his understanding of the proceedings. The Court conducted a sealed and ex parte portion session to learn additional details about Defendant's understanding of the proceedings and ability to assist in his defense.

Competency to stand trial requires that a defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *accord United States v. Dubrule*, 822 F.3d 866, 875–76 (6th Cir. 2016). While the "bar for incompetency is high[,]" *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008), the bar for conducting a competency determination is not, *United States v. Johnson*, No. 1:19-cr-129-TRM-SKL, 2021 WL 808734, at *2 (E.D. Tenn. Mar. 3, 2021). The Court shall grant a motion for a competency hearing or order one *sua sponte* if it finds "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). *See United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006) (observing that reasonable cause under § 4241(a) is a "liberal" standard"); *see also United*

3

*States v. Rayyan*, No. 16-CR-20098, 2016 WL 1746013, at *3 (E.D. Mich. May 3, 2016) (concluding that reasonable cause "is not an onerous standard").

Whether to permit a competency hearing is largely within the Court's discretion. *Johnson*, 2021 WL 808734, at *2 (citing *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999)). The Court is not required to hold an evidentiary hearing. *Jackson*, 179 F. App'x at 932. Nor is any "single item of proof . . . required or necessarily sufficient[.]" *Johnson*, 2021 WL 808734, at *3. "Factors for the court to consider when [a competency] hearing is requested . . . include evidence of a defendant's irrational behavior, demeanor, and any prior medical opinions regarding the defendant's competency." *Id*. at *2 (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). Defense counsel's assessment of defendant's conduct and ability is also important. *Jackson*, 179 F. App'x at 933. At bottom, the Court looks to whether "[s]ome minimum showing of incompetence" is present before granting a competency hearing. *Lenhard v. Wolff*, 603 F.2d 91, 93 (9th Cir. 1979); *see also Johnson*, 2021 WL 808734, at *3 (finding "[s]ome minimum showing of incompetence" (citing *Jackson*, 179 F. App'x at 932) (alteration in original)); *Rayyan*, 2016 WL 1746013, at *3 ("[A]ny significant doubt as to the defendant's competency requires a competency evaluation." (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

Here, considering the applicable standard and based upon the information in the motion and response and information presented at the hearing, including the sealed portion of the hearing, along with the undersigned's observations of Defendant's demeanor at the motion hearing, the Court finds that reasonable cause exists to believe that Defendant Davis may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Further, the Court concludes that

reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a)–(b). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 65**] to undergo a competency evaluation.[1]

The Court hereby **ORDERS,** pursuant to 18 U.S.C. §§ 4241(b), 4247(b), and 4247(c), as follows:

> (1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the United States Marshals Service shall notify counsel for both parties promptly. The Government then **SHALL PROMPTLY FILE** a notice of designation in the record to alert the Court.[2]
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> (3) Pursuant to Rule 12.2(c)(1)(A), Defendant is to submit to such examination as ordered above.
>
> (4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

---

[1] To the extent that defense counsel also seeks a determination of Defendant's sanity at the time of the offenses, that request is **DENIED** at this time because the record contains no notice of intent to pursue a mental defense under Federal Rule of Criminal Procedure 12.2. *See* 18 U.S.C. § 4242 (providing for a sanity evaluation upon the motion of the government); Fed. R. Crim. P. 12.2(c)(1)(B).

[2] Upon receipt of the Government's notice of designation, the Court will enter a separate order directing the United States Marshals Service to transport Defendant to the designated facility. *See United States v. Brown*, No. 22-3797, 2024 WL 1878926, at *3 (6th Cir. Apr. 30, 2024) (approving use of a separate transport order entered after the commitment and designation order for purposes of compliance with the Speedy Trial Act).

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to 18 U.S.C. § 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

(a) Defendant's history and present symptoms;

(b) a description of the psychiatric, psychological and medical tests that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis, and

(e) the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to 18 U.S.C. § 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshals Service immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **August 16, 2024, at 10:00 a.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshals Service shall notify counsel for both parties and the undersigned's office promptly when

Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the marshals shall bring him to the **August 16, 2024** competency hearing.

(10) Counsel for Defendant Davis is **DIRECTED** to provide the evaluating mental health provider with a copy of Defendant's medical, mental health, and educational records in counsel's possession.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge