UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-106-TAV-JEM |
| CORY DAVIS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the matter of Defendant Cory Davis's competency. *See* 28 U.S.C. § 636(b). On May 6, 2024, a week before trial, defense counsel moved the Court for a competency determination [Doc. 65]. Following a hearing on May 10, 2024, the undersigned committed Defendant for a mental evaluation of his competency to stand trial [Doc. 72].[1] Defendant arrived at the Federal Correctional Institution in Butner, North Carolina (FCI Butner) for his thirty-day evaluation on June 5, 2024 [Doc. 78].[2] Defendant's evaluation was completed on June 24, 2024, and the Court received the forensic report on July 3, 2024 [*See* Doc. 79, SEALED]. The parties appeared for a competency hearing on August 16, 2024. Assistant United States Attorneys Kevin Quencer and Caroline S. Poore appeared on behalf of the Government. Attorney Mohammed Nasser represented Defendant Davis, who was also present.

---

[1] The Court continued the trial to November 12, 2024 [Doc. 76].

[2] Following Defendant's designation to FCI Butner, the undersigned entered a Transport Order on May 23, 2024 [Doc. 75].

Counsel for both parties confirmed they received a copy of the Forensic Evaluation by Dr. Katherine E. Sunder, forensic psychologist at FCI Butner [Doc. 79, SEALED]. In the report, Dr. Sunder opines that Defendant does not suffer from a mental disease or defect, demonstrates an understanding of the proceedings in his case despite his claims otherwise, and has the ability to assist counsel with his defense if he so chooses [*Id*. at 12–13]. Both parties stipulated to Dr. Sunder's report, and neither party presented any other evidence relating to Defendant's competency.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494–95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "In making this determination, a court should consider evidence including that of 'irrational behavior, the defendant's demeanor [in court] and any prior medical opinion concerning competence to stand trial.'" *United States v. Taylor*, No. 23-5470, 2024 WL 966570, at *3 (6th Cir. Mar. 6, 2024) (quoting *United States v. Prigmore*, 15 F.4th 768, 776 (6th Cir. 2021) (internal quotation omitted)).

Based upon the Forensic Evaluation and considering Defendant's demeanor and the record as a whole, the undersigned finds by a preponderance of the evidence that Defendant Davis can understand the nature and consequences of the proceedings against him and is capable of assisting properly in his defense.[3] *See* 18 U.S.C. § 4241(e). Accordingly, the Court finds that Defendant Davis is **COMPETENT** to participate in further proceedings in this case. At the

---

[3] Dr. Sunder noted that Defendant repeatedly claimed not to understand the charges and procedural history of his two federal cases, but she could not connect this behavior with any mental health issue [Doc. 79]. Defense counsel is encouraged to review matters thoroughly with Defendant as the case proceeds.

hearing, the parties acknowledged and affirmed that this case will proceed to trial on **November 12, 2024**.

      **IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge