UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-CR-106-TAV-JEM-1 ) |
| CORY J. DAVIS, | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's objections [Docs. 160, 171, 184] to the orders entered by United States Magistrate Judge Jill E. McCook [Docs. 155, 168, 175], which denied various motions filed by defendant.

For this Court to overturn a magistrate judge's decision on non-dispositive pretrial matters, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal citations omitted). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (internal citations omitted).

### **Recusal of Magistrate Judge McCook**

In April 2025, defendant filed a motion for recusal of United States Magistrate Judge Jill E. McCook [Doc. 137]. As grounds, defendant noted that (1) he had a civil

action pending against Judge McCook, (2) at a hearing regarding removal of counsel in this criminal case, his argument about the effectiveness of his counsel's assistance was curtailed, and (3) the conduct of his lawyer relates to the civil action, and therefore, Judge McCook has an interest and bias in this matter [*Id*.].

Judge McCook denied the motion for recusal [Doc. 175]. She stated that defendant's arguments regarding whether he was permitted to address his counsel's effectiveness related to judicial, rather than nonjudicial, conduct, and therefore was not a proper ground for recusal [*Id*. at 6]. She also noted that disagreement with a judicial ruling was not a basis for recusal [*Id.* at 7]. Moreover, Judge McCook concluded that defendant's civil suit against her was not a ground for recusal [*Id*. at 8].

Defendant now appeals that order [Doc. 184]. He argues that the court has never addressed issues regarding whether his former counsel contacted him about trial dates [*Id*. at 1]. He also notes that the hearing at issue was held in April 2025, before his civil case against Judge McCook was dismissed in May 2025, and therefore, she had an interest to protect at the time of the hearing [*Id*. at 1–2]. Defendant also argues that Judge McCook misconstrued a statement regarding his ability to bring another civil action against her, and such demonstrates her bias and that she "has a chip on her shoulder" based on defendant's prior civil action against her [*Id*. at 4–5].

Defendant has not established that Judge McCook's denial of his motion to recuse was clearly erroneous or contrary to law. The only legal citation in support of his argument that defendant provides is to the Supreme Court's decision in *Liteky v. United States*, 510

U.S. 540 (1994) [Doc. 184, p. 5]. In that case, the Supreme Court defined the contours of the "extrajudicial source" basis for recusal. *Id*. at 548–51. The Court explained that the "key to understanding [the] flexible scope" of the extrajudicial source doctrine "is simply the pejorative connotation of the words 'bias or prejudice'" as "[n]ot *all* unfavorable disposition towards an individual (or his case) is properly described by those terms." *Id*. at 550 (emphasis in original). Rather, "[t]he words connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree . . . ." *Id*. (emphasis in original). Notably, the Court stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. at 555.

Applying that case, Judge McCook properly concluded that defendant has not established any bias or partiality that would warrant her recusal. As Judge McCook stated [Doc. 175, pp. 6–7], her decision regarding the scope of defendant's argument in a hearing about removal of his counsel is a judicial decision, and therefore, is not a proper ground for recusal. *See Liteky*, 510 U.S. at 555. Defendant has not established that such determination as clearly erroneous or contrary to law.

Additionally, Judge McCook cited several cases explaining that the fact that defendant brough a separate civil action against her was not a basis for recusal [*See* Doc. 175, p. 8 (citing *Hopson v. Gray*, No. 5:21-cv-704, 2021 WL 4894311, at *4 (N.D. Ohio Oct. 20, 2021) and *United States v. Houston*, No. 3:13[-CR]-10, 2013 WL 3975405, at *12

3

(E.D. Tenn. July 29, 2013))]. In his appeal of Judge McCook's order, defendant does not address this case law, nor does he provide any oppositional case law. Rather, he simply disagrees with Judge McCook's determination that the separate civil lawsuit was not a ground for dismissal. Such disagreement falls short of establishing that Judge McCook's order was clearly erroneous or contrary to law.

Finally, defendant seems to assert that Judge McCook's discussion of a statement in one of his filings that he could bring another civil lawsuit against her is evidence of her bias [Doc. 184, pp. 4–5]. This statement is included in a paragraph summarizing defendant's arguments in favor of recusal [Doc. 175, p. 6]. Specifically, Judge McCook's order states, "Defendant asserts in his reply brief that the undersigned's alleged bias persists, despite the dismissal of the civil case, because he could always bring another cause of action against the undersigned" [*Id.* (citing [Doc. 165, p. 10])]. The direct quote from defendant's filing is: "Although the cause of action against her has been dismissed. [sic] How can she impartially give a sound judgement [sic] without personally in the back of her mind; [sic] think Mr. Davis might bring another cause of action if she ruled in his favor? She would have an interest "not" [sic] to rule in his favor" [Doc. 165, p. 10]. Defendant somehow construes Judge McCook's summary of his statement as making "a false allegation against [him] about making a threat against her" [Doc. 184, p. 5]. The Court disagrees. Judge McCook's summary of the argument defendant presented in a written filing is an accurate summary and does not accuse defendant of threatening a federal judge. Nor did Judge McCook rely on this statement in her decision denying the motion to recuse.

4

And, because this statement was simply an accurate summary of defendant's own argument, it is not evidence of extrajudicial bias or prejudice that warrants recusal.

Because defendant has not established that Judge McCook's order denying his motion for recusal is clearly erroneous or contrary to law, his appeal motion [Doc. 184] is **DENIED**.

**Copies of Search Warrants and Affidavits**

In June 2025, defendant filed a motion requesting copies of trial transcripts and search warrants of coconspirators Ariel Clayton and Lateasha Brown [Doc. 147]. Defendant stated that he has requested these documents from his former attorney, who had not responded [*Id*. at 1]. Defendant explained that these documents "are needed for pending motions and sentencing" [*Id*. at 2].

Judge McCook granted in part and denied in part this motion [Doc. 155]. Specifically, Judge McCook granted defendant's request for trial transcript and instructed defendant's elbow counsel, Donny Young, to assist defendant in obtaining trial transcripts and securing payment through Criminal Justice Act funding [*Id*. at 2]. However, she denied defendant's request as to the search warrants and affidavits, noting that defendant had not shown how those documents were relevant to any pending motions or the sentencing hearing [*Id*.]. Judge McCook did note that the search warrant for Lateasha Brown was on the Court's docket, as an attachment to defendant's motion to suppress, but the search warrant for Ariel Clayton was not issued by this court and defendant had not shown it to be filed in this case [*Id*.].

Defendant now appeals Judge McCook's denial of the search warrants and affidavits [Doc. 160]. Defendant reiterates that his prior counsel will not provide him with the case file, and that the motion to suppress is in his former counsel's possession [*Id*. at 2]. He contends that the material is directly relevant to his pending motion to dismiss for want of territorial jurisdiction [*Id*.]. Additionally, he states that he has never seen the Clayton search warrant and asserts that such is a *Brady* violation [*Id*. at 2–3].

In his appeal motion, defendant now raises various grounds as to why he needs the requested documents, but he did not present any of these arguments to the magistrate judge in the first instance. And "[n]ew arguments . . . cannot properly be raised for the first time in objections to a magistrate [judge]'s . . . order[.]" *Graham Packaging Co., L.P. v. Indorama Ventures Alphapet Holdings, Inc.*, No. 3:24-mc-8, 2024 WL 4793739, at *3 (W.D. Ky. Nov. 14, 2024) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 404 (S.D.N.Y. 2020)). Because Judge McCook's order found that defendant had not presented grounds for requesting these search warrants and affidavits, and because defendant did not present any of his new justifications for requesting such documents to the magistrate judge, the Court cannot say that the denial of his motion was clearly erroneous or contrary to law. Thus, his appeal motion [Doc. 160] is **DENIED**.

### Removal of Elbow Counsel

In July 2025, defendant filed a motion for removal of his elbow counsel, Mr. Young [Doc. 161]. Defendant asserted that there was a "breakdown of confidence and

6

communication" [*Id.* at 1]. Specifically, he stated that Mr. Young visited him but forgot to bring certain documents defendant had requested, stating that he had a bad memory [*Id.*]. He also informed defendant for the first time about his sentencing date [*Id.* at 2].[1] Defendant stated that he does not want Mr. Young's "mental fitness" to prejudice him [*Id.*].

Judge McCook denied defendant's request to remove elbow counsel [Doc. 168]. She noted that the Court appointed Mr. Young as elbow counsel over defendant's objection and set forth several duties for elbow counsel, including, explaining basic courtroom protocol, procedure, and decorum, helping defendant overcome routine procedural or evidentiary obstacles, and provide technical assistance, if defendant desired [*Id.* at 2–3]. Judge McCook noted that, as defendant had elected to proceed pro se, he was not required to use Mr. Young's services [*Id.* at 3].

Defendant appeals this decision [Doc. 171]. He argues that Mr. Young has not provided any of the services listed in Judge McCook's order [*Id.* at 1]. Defendant also argues that a breakdown of confidence and communication has been a valid basis for a change of counsel in other cases in this district, and it would violate his equal protection rights to deny him new elbow counsel under the situation when similarly situated individuals obtained new counsel [*Id.*]. Defendant notes that he needs materials that are not being timely provided by Mr. Young [*Id.* at 2].

Defendant is now proceeding pro se in this action. In a hearing before Judge McCook, defendant was advised of the perils of proceeding pro se in a criminal action and

---

[1] That sentencing date has since been reset [*See* Doc. 177].

stated that he would "deal with the consequences" of self-representation [Doc. 134, p. 3]. While a court may appoint elbow counsel to assist a pro se defendant, even over the defendant's objection, *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984), a defendant proceeding pro se does "not have the right to effective assistance of elbow counsel." *Keel v. Leeds*, 3:23-cv-1147, 2025 WL 627324, at *14 (M.D. Tenn. Feb. 25, 2025) (citing *McKaskle*, 465 U.S. at 183 and *Wilson v. Parker*, 515 F.3d 682, 697 (6th Cir. 2008)). Indeed, "there is no constitutional right to standby counsel" and "the role of standby counsel falls within the discretion of the district court." *United States v. Pouncy*, No. 23-20262, 2025 WL 2251650, at *1 (E.D. Mich. Aug. 6, 2025) (internal quotation marks omitted). Because defendant is not entitled to elbow counsel, now that he has elected to proceed pro se, he is not entitled to appointment of new elbow counsel simply because he is unsatisfied with the elbow counsel the Court has appointed for his convenience.

As to defendant's equal protection argument [Doc. 171, p. 1], none of the cases he cites involve similarly situated defendants. In each of those cases, the defendants were represented by counsel, not proceeding pro se. *See United States v. Delacruz*, No. 3:21-cr-126, Doc. 289 (E.D. Tenn. June 8, 2023) (substituting *appointed* counsel); *United States v. Tory*, No. 3:19-cr-49, Doc. 99 (E.D. Tenn. Oct. 21, 2019) (substituting *appointed* counsel); *United States v. Elie*, No. 3:21-cr-149, Doc. 75 (E.D. Tenn. Sept. 8, 2022) (substituting *appointed* counsel); *United States v. Fomby*, No. 3:24-cr-64, Doc. 106 (E.D. Tenn. Feb. 27, 2025) (substituting *appointed* counsel); *United States v. Outlaw*, 3:24-cr-95, Doc. 24 (E.D. Tenn. Mar. 12, 2025) (substituting *appointed* counsel); *United States v. Johnson*,

8

3:22-cr-44, Doc. 41 (E.D. Tenn. Nov. 18, 2022) (substituting *appointed* counsel). Because defendant sought substitution of elbow (or standby) counsel, rather than appointed counsel, he is not similarly situated to any of these defendants, and therefore, no equal protection issue arises. *See EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 864 (6th Cir. 2012) (stating that the Equal Protection Clause of the Constitution is "essentially a direction that all persons similarly situated should be treated alike."). Accordingly, the Court finds that Judge McCook's denial of substitute elbow counsel was not clearly erroneous or contrary to law, and defendant's appeal motion [Doc. 171] is **DENIED**.

## Conclusion

For the reasons explained, defendant's objections to the magistrate judge's orders [Docs. 160, 171, 184] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE