UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CR-106-TAV-JEM-1 ) |
| CORY J. DAVIS, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on August 19, 2025 [Doc. 185], recommending that the Court deny defendant's motion for return of property [Doc. 170]. Defendant has objected [Doc. 193]. The government has not responded and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). Thus, the matter is now ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons below, the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 185] in part and **DENIES** defendant's motion for return of property [Doc. 170].

**I.    Background**

The Court presumes familiarity with the summary of the evidence and findings of fact as set forth in the R&R. Accordingly, the Court incorporates the background contained in the R&R [Doc. 185, pp. 2–3] into this memorandum opinion and order.

## II. Standard of Review

The Court reviews *de novo* those portions of the R&R to which a defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court considers defendant's motions, the government's responses, the R&R, and defendant's objections, all in light of the applicable law.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute"). Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review warrants a different result on a particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effect[] as would a failure to object." *Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (citation omitted); *see also United States v. Dawson*, No. 4:19-cr-206, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) (citations omitted) ("[T]he Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.").

### III. Analysis

In the R&R, Judge McCook found that defendant's motion was procedurally improper under Rule 41(g) of the Federal Rules of Criminal Procedure, because it was not filed in the district where the property was seized, which was the Northern District of Georgia [Doc. 185, p. 4].

Defendant objects to the finding that he is required to request the return of property in the Northern District of Georgia [Doc. 193, p. 9]. He asserts that, if the property was seized within the Northern District of Georgia's territorial jurisdiction and this Court "usurped" that court's jurisdiction "by law the forfeiture proceedings should have been filed in that district because the [Northern District of Georgia] had exclusive jurisdiction upon seizure" [*Id.*].

Rule 41(g) states: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. . . ." Fed. R. Crim. P. 41(g). Defendant acknowledges that the property at issue was seized in Atlanta, Georgia [Doc. 193]. Atlanta, Georgia is located within the Northern District of Georgia. *See* Court Info, United States District Court for the Northern District of Georgia, https://www.gand.uscourts.gov/court-info (last accessed Oct. 16, 2025). Clearly, then, under Rule 41(g), defendant is required to file any motion for return of property seized in Atlanta in the Northern District of Georgia.

It is unclear how defendant believes that this Court "usurped" the Northern District of Georgia's jurisdiction. Defendant contends that "by law" any forfeiture proceedings

3

were required to be conducted in the Northern District of Georgia, but cites no law in support of that contention. And, regardless, this Court has conducted no forfeiture proceedings with regard to the property at issue [*See* Case No. 3:22-CR-11, Doc. 227 (noting that, because the Drug Enforcement Administration had administratively forfeited the properties, the government was no longer seeking criminal forfeiture of the property in this Court)].

Accordingly, the Court is in complete agreement with Judge McCook's conclusion that defendant's motion for return of property is procedurally improper in this Court, and rather, should be filed in the district of seizure. The Court therefore **OVERRULES** defendant's objection and **ADOPTS** this portion of the R&R. Because the Court finds that this is sufficient grounds, alone, for denial of defendant's motion for return of property [Doc. 170], the Court declines to address the remainder of the R&R and defendant's objections thereto.

IV. **Conclusion**

For the reasons above, defendant's objections [Doc. 193] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 185] in part and **DENIES** defendant's motion for return of property [Doc. 170].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE